IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ELOY HITA,**

      **Plaintiff,**

v.     No. CIV 05-1088 LFG/LCS

**LYNDELL "MAX" STANSELL, JR.,
TOMMY RICHBOURG, RICHARD
JOHNSON, and THE CITY OF CLOVIS,
NEW MEXICO,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

### Introduction

THIS MATTER is before the Court on a Rule 12(c) Motion on the Pleadings or a Rule 56(b) Motion for Summary Judgment [Doc. No. 13] filed by Defendants Lyndell "Max" Stansell, Jr., Richard Johnson and the City of Clovis, New Mexico ("Defendants").[1]  Defendants' Motion seeks dismissal of two claims asserted against them by Plaintiff Eloy Hita's ("Hita"): unreasonable search and seizure in violation of Hita's Fourth Amendment rights and any municipal liability claim based on the unreasonable search and seizure cause of action.  Because Hita asserts a number of other claims against Defendants (*see* discussion *infra*), this is a motion for partial judgment as to the two aforementioned claims.

---

[1] The parties were notified by the Court on March 6, 2006 [Doc. No. 15], that Defendant Tommy Richbourg may be dismissed for failure to effect service on him.

1

Defendants' Motion is fully briefed [Doc. Nos. 14 and 16] and is ready for resolution. After careful review of the pertinent law and pleadings, the Court concludes that the Rule 12(c) [partial] Motion for Judgment on the Pleadings should be denied. The Court's reasoning follows.

### **Procedural Background**

On October 14, 2005, Hita filed this § 1983 Civil Rights Complaint against Defendants, asserting both federal constitutional and state law claims. Hita's Complaint sets forth alleged violations of his Fourth and Fourteenth Amendment rights for unreasonable search and seizure, along with claims of municipal liability on the part of Defendant City of Clovis, excessive use of force, and violations of his due process rights. Hita also asserts state law claims of malicious abuse of process, false arrest and false imprisonment, battery, and breaking, entering and trespass. [Doc. No. 1.] Hita seeks an award of damages, punitive damages, costs and reasonable attorney's fees. He demands a judgment of not less than $500,000 for the alleged constitutional violations and an additional award of $400,000 for alleged violations of state law.

The following procedural history and brief factual summary are taken from Hita's allegations in the Complaint [Doc. No. 1], the parties' submissions/stipulations in the Initial Pretrial Report [Doc. No. 12], Hita's Motion to Dismiss and accompanying brief, filed in the underlying criminal proceeding [Doc. No. 13, Exs. 2 and 3], and the state court's Letter Decision [Doc. No. 13, Ex. 4.]

Hita's claims arise out of an incident occurring on October 18, 2003, when [Defendant] Clovis Police Officer Stansell was dispatched at about 2:20 a.m. to an area near Hita's home in reference to a "possible domestic in progress." In relation to the alleged domestic disturbance at Hita's home, Defendant officers arrested Hita who was subsequently booked and held on one count of obstructing an officer, one count of resisting/evading arrest and one count of battery on a household member.

On January 28, 2004, all three charges were tried to a jury in the State Magistrate Court for Curry County.  The jury acquitted Hita on two of the three counts: battery on a household member and resisting/evading a police officer.  However, the jury found Hita guilty of obstructing a police officer in violation of NMSA § 30-22-1.  Hita moved to dismiss the obstruction charge prior to announcement of sentence, but the state magistrate judge denied his motion.

Hita then filed an appeal to the Ninth Judicial District Court.  An appeal from the magistrate court is essentially a request for a trial *de novo* before the state district court.[2]  As part of his appeal, Hita also filed a motion to dismiss the criminal complaint which charged him of obstruction of a police officer, i.e., the charge for which he was found guilty by the magistrate court jury.  In his motion, Hita argued that:  (1) he was arrested without a warrant and without probable cause; (2) NMSA § 30-22-1, under which he was charged for obstruction, does not encompass a charge for obstruction of a police officer; (3) the arrest and prosecution of Hita on the obstruction charge violated his Fourth Amendment and due process rights; and (4) the New Mexico criminal statute in question was unconstitutionally vague as applied to Hita and the circumstances of this case.  [Doc. No. 13, Ex. 2, ¶¶ 2, 6, 7, and 8.]

In his accompanying brief in support of his motion to dismiss, Hita argued why his arrest and prosecution for obstruction of a police officer violated his constitutional rights against unreasonable search and seizure.  [Doc. No. 13, Ex. 3, p. 7.]  The argument, briefly summarized, is that Hita was

---

[2] The Rules of Criminal Procedure for Magistrate Courts provide that when a magistrate court enters a judgment and sentence, the court must advise the defendant of his right to a new trial in the district court and that the defendant has 15 days after entry of the judgment and sentence to file a notice of appeal.  NMRA 6-702.  Upon appeal, the state district court is provided with all papers and pleadings filed in the magistrate court.  NMRA 6-703(F)(2).  If the appeal proceeds to trial before the state district court, the trial is conducted *de novo*.  NMRA 6-703(J).  The state district court shall dispose of the appeal by entry of judgment or order.  The state district court has the discretion to issue a formal or memorandum opinion but opinions are not published and are not be used as precedent in subsequent cases.  NMRA 6-703(O).

exercising his constitutional right to be left alone within his home and/or the protected curtilage of his home when he was unlawfully subjected to arrest or criminal prosecution. Because Defendant officers acted without probable cause or exigent circumstances in arresting and criminally prosecuting Hita, he asserted that Defendants violated his Fourth Amendment right to be left alone. [*See* Doc. No. 13, Ex. 3.]

The state district court case did not go to trial. Instead, the state court decided the matter on Hita's motion to dismiss. On September 17, 2004, Ninth Judicial District Judge Joe Parker issued a Decision Letter granting Hita's motion. [Doc. No. 13, Ex. 4, State v. Hita, Curry County Cause No. D-0905-LR-0200400040.] Judge Parker ultimately determined that the statute in question, NMSA § 30-22-1(D), made no provision for the allegation or charge of obstructing a police officer as plead in the criminal complaint. The state judge further observed that while § 30-22-1(D) provided for the charges of resisting or abusing a police officer, Hita was acquitted by a magistrate court jury of those charges. Thus, Judge Parker granted Hita's motion to dismiss with the result that Hita was acquitted of all three charges.

As part of his ruling, Judge Parker first addressed, comprehensively analyzed and rejected Hita's argument that Stansell violated his constitutional right by effectuating an unreasonable search and seizure of Hita. [Doc. No. 13, Ex. 4, pp. 1-4.] In applying the pertinent New Mexico law to the facts, the state court judge observed that it was "left to balance the treasured protections of the Fourth Amendment with the need to allow an officer to act as a community caretaker when people are unable to maintain a reasonable control over their own emotions and disputes." [Id., p. 4.] Judge Parker found that the "police officer did not violate the constitutional rights of Eloy Hita nor was there an unreasonable search and seizure effectuated by the events of October 18, 2003." [Id.]

Defendants' Rule 12(c) Motion seeks judgment as a matter of law based on the preclusive effect of the portion of the state court judge's "Letter Decision" finding that there was no unreasonable search and seizure. In Hita's response, he argues, *inter alia*, that state court Judge Parker's "comments relating to Eloy Hita's 4th Amendment issues" were dictum and "not necessary to the outcome." Thus, Hita asserts that "those comments" by Judge Parker have no preclusive effect on his present claim and that he should not be collaterally estopped from proceeding with the Fourth Amendment unreasonable search and seizure claim.

## **Legal Standard**

### **I.    Rule 12(c) Judgment on the Pleadings**

Defendants brings their motion under Rule 12(c) or Rule 56(b). Rule 12(c) ("motion for judgment on the pleadings") provides that after the pleadings are closed . . ., any party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). "If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . . ." Fed. R. Civ. P. 12(c).

Rule 12(c) motions are brought after the pleadings are closed, or after an answer is filed. Technically, if a Rule 12(b)(6) motion is filed after the answer is filed, it should be treated as a Rule 12(c) motion. However, it makes little difference how the motions are identified since the court employs the same standard in addressing either Rule 12(c) motions for judgment on the pleadings or Rule 12(b)(6) motions to dismiss. Mock v. T.G. & Y. Stores Co., 971 F. 2d 522, 528-29 (10th Cir. 1992). In either case, dismissal should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," Conley

v. Gibson, 355 U.S. 41, 45-46 (1957), or unless an issue of law is dispositive. Neitzke v. Williams, 490 U.S. 319, 326 (1989).

In this case, Defendants attached several exhibits to their Rule 12(c) motion, which the Court has addressed above and clearly not excluded. However, the Court declines to convert the Rule 12(c) motion to a Rule 56(b) (summary judgment) motion. A district court is permitted to take judicial notice of public records, including state records of state court proceedings, without needing to convert a motion to dismiss or motion for judgment on the pleadings to motion for a summary judgment. Nichols v. Danley, 266 F. Supp. 2d 1310, 1311 (D.N.M. 2003). In Nichols, the defendants similarly brought a motion to dismiss or alternatively, motion for summary judgment based on arguments of *res judicata* and collateral estoppel. In treating the motion as one brought under Rule 12(b)(6), the district court noted:

> Application of the preclusion doctrines in this case turns on information contained in the complaint and documents appropriately subject to judicial notice. *See* St. Louis Baptist Temple, Inc. v. F.D.I.C., 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that federal courts may take notice of proceedings in other courts, both within and outside the federal judicial system).

Id. *See also* Rothman v. Gregor, 220 F.3d 81, 92 (2d Cir. 2000) (taking judicial notice of allegations in complaint filed in state court); Heliotrope General, Inc. v. Motor Co., 189 F.3d 971, 981 n. 18 (9th Cir. 1999) (district court "may consider facts that are contained in materials of which the court may take judicial notice"); Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 416 & n. 3 (3d Cir.) (district court properly takes judicial notice of the factual record of a prior proceeding), *cert. denied*, 488 U.S. 967 (1988); Iacaponi v. New Amsterdam Cas. Co., 379 F.2d 311, 312 (3d Cir. 1967) (district court's dismissal of action based on *res judicata* affirmed where district court took

6

judicial notice of state court proceedings), *cert. denied,* 389 U.S. 1054 (1968). *See also* Amakua Development v. H. TY Warner, 411 F. Supp. 2d 941, 951 (E.D. Ill. 2006) (court may consider matters of public records, such as public court documents, in deciding a motion to dismiss); Pache v. Wallace, No. CIV 93-5164, 1995 WL 118457, at *2 (E.D. Pa. Mar. 20, 1995), *aff'd*, 72 F.2d 123 (3d Cir. 1995) (district courts are entitled to take judicial notice of public records in considering a motion for dismissal or motion for judgment on the pleadings).

Here, the Court analyzes Defendants' motion as one brought under Rule 12(c) or under the same standards applicable to Rule 12(b)(6) motions.

**II.     Collateral Estoppel**

Defendants argue they are entitled to dismissal of the Fourth Amendment search and seizure claim and related municipal liability claim based on the doctrine of collateral estoppel. As stated by the Honorable Judge Bruce Black, in Nichols, the "defendants must show 'with clarity and certainty' that the elements of . . . collateral estoppel are satisfied" before granting a Rule 12(b)(6) motion. Nichols, 266 F. Supp. 2d at 1312-13 (internal citation omitted).

The United States Supreme Court, in Allen v. McCurry, 449 U.S. 90, 103-04 (1980), "determined that judgments rendered upon matters in issue in state criminal proceedings may collaterally preclude their relitigation in a subsequent civil suit brought under 42 U.S.C. § 1983." (cited with approval by the Tenth Circuit in Franklin v. Thompson, 981 F.2d 1168, 1170 (10th Cir 1992)). Title 28 U.S.C. § 1738 requires "federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." Allen, 449 U.S. at 96. "[T]he preclusive effect of a state court decision in an action filed in federal court is, with limited exceptions . . ., determined by state law." Wilkinson v. Pitkin County Bd of

Commissioners, 142 F.3d 1319, 1322 (10th Cir. 1998); Franklin, 981 F.2d at 1170 (federal court applies state collateral estoppel law in deciding whether a prior state court ruling bars litigation of an issue in a § 1983 claim).

New Mexico state law on collateral estoppel requires the following four elements be met: (1) the parties in the current action are the same or in privity with the parties in the prior action; (2) the subject matter of the two actions is different; (3) the ultimate fact or issue was actually litigated; and (4) the issue was necessarily determined. City of Sunland Park v. Macias, 134 N.M. 216, 220 (Ct. App.) (*citing* Reeves v. Wimberly, 107 N.M. 231, 233 (Ct. App. 1988)), *cert. denied,* 134 N.M. 179 (2003). "Collateral estoppel works to bar the relitigation of ultimate facts or issues actually and necessarily decided in the prior suit by a valid and final judgment." Reeves, 107 N.M. at 233.

Traditionally, the first part of the collateral estoppel test required "mutuality" or a showing that the parties were the same. However, in civil cases, New Mexico "eliminated the traditional rule that the parties must be the same or in privity if the doctrine of collateral estoppel is to apply." State v. Arevalo, 132 N.M. 306, 309 (Ct. App. 2002) (internal citation omitted). It is sufficient under present New Mexico law to show that the party against whom collateral estoppel is being evoked had "a full and fair opportunity to litigate the issue or issues." Id. (internal citation omitted). *See also* Silva v. New Mexico, 106 N.M. 472, 476 (1987) (court may apply collateral estoppel "when a defendant seeks to preclude a plaintiff from relitigating an issue the plaintiff has previously litigated and lost regardless of whether defendant was privy to the prior suit").

Once the movant introduces sufficient evidence to meet the elements of collateral estoppel, the trial court must then determine whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the earlier litigation. Shovelin v. Central N.M.

Electric Cooperatives, Inc., 115 N.M. 293, 297 (1993). Stated slightly differently, "[i]f the party invoking the doctrine provides sufficient evidence to meet all elements of this test, it establishes a prima facie case. At that point, the 'burden shifts to the party opposing collateral estoppel to show that he or she was not afforded a full and fair opportunity to litigate the issue in the prior proceeding.'" Salguero v. City of Clovis, 366 F.3d 1168, 1173 (10th Cir. 2004) (applying New Mexico law) (internal citations omitted).

In Salguero, the Tenth Circuit further noted that an "inquiry into whether a party had a full and fair opportunity to litigate an issue often . . . will focus on whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties." Id. at 1174 (internal citation omitted). *See also* Gouskos v. Griffith, 122 Fed. Appx 965, 971 (10th Cir. Feb. 17, 2005) (Table, Text in Westlaw) (applying Oklahoma law) ("[i]ssue preclusion is not applied mechanistically;" it may only be invoked when the other party had a "full and fair opportunity to litigate the critical issue in the previous case").

## Analysis

This case presents an unusual procedural posture in relation to the collateral estoppel issue. It does not involve the question of whether a plaintiff is collaterally estopped in bringing an issue in a § 1983 case because of an earlier conviction or guilty plea to an element of a crime that impacts the § 1983 claim. In other words, this is not a case where a plaintiff might be precluded under the doctrine of collateral estoppel from re-litigating an element of a crime for which s/he was convicted. *See, e.g.,* Jiron v. City of Lakewood, 392 F.3d 410, 417-18 (10th Cir. 2004) (applying Colorado law) (plaintiff's attempt in § 1983 action to relitigate an element of the crime to which she pled guilty was

barred collateral estoppel); Franklin, 981 F.2d at 1171 (the plaintiff's conviction conclusively established that she was disorderly and also established the legality of the arrest, thereby precluding relitigation of the issue in her § 1983 action). Instead, this case presents a scenario where Hita actually was acquitted of two of the three charges, and the conviction for the third charge was later overturned. Thus, there is no conviction at issue that might create a clear bar to subsequent litigation of an issue. The question here is whether the state court's finding in its Letter Decision, that there was no unconstitutional search and seizure, precludes the § 1983 claim(s) involving that issue.

The Court first observes that Defendants satisfied their burden in demonstrating three of the elements of the collateral estoppel test. It is clear that the subject matter of the two actions is different. The earlier case involved a criminal prosecution of Hita, in contrast to this civil rights litigation brought by Hita.

Furthermore, the Court is convinced that the critical issue here was litigated. In obtaining his acquittal, Hita invoked the state court's discretion and vigorously argued the issue of the constitutionality of his arrest. Much of Hita's brief on the motion to dismiss was directed at this issue. Indeed, Hita devoted ten pages of his 18-page brief to the constitutional issue. Hita did not limit his argument to statutory construction or vagueness, but sought the trial judge's determination on the alleged unconstitutionality of the arrest.

So, too, Judge Parker devoted a significant part of his analysis to the issue relating to the constitutional propriety of the arrest. In the state court's Letter Decision, reversing the one conviction, the state court judge found that there was no unconstitutional search and seizure effectuated on the date at issue.

The Court concludes that the State and Hita had a full and fair opportunity to present their arguments and legal authority to the court, and exercised that opportunity. Hita was represented by counsel, and his attorney raised the precise issue before the state district court of whether Defendant(s) violated his Fourth Amendment rights to be free from an unreasonable search and seizure.

In addition, Hita did not present evidence showing significant procedural obstacles that prevented him from litigating the issue in the underlying criminal proceeding. To the contrary, Hita intended to and did litigate the question by expressly asking the state court to decide the matter. Accordingly, the Court finds that Hita was "afforded a full and fair opportunity to litigate the issue in the prior proceeding" and that he did so.[3]

The sole remaining question is whether the state court judge's finding that there was no unlawful search and seizure was "necessarily determined." Hita argues in his brief that the issue of unreasonable search and seizure was not necessarily determined. He asserts that "having made the determination that the State's evidence, when viewed in the light most favorable to the State, did not support the claim of obstructing a police officer," there was no need for Judge Parker to comment or rule on Hita's other asserted bases for dismissal. Thus, Hita asserts Judge Parker's findings as to the search and seizure issue were unnecessary dicta.

It is true that Judge Parker *determined* the issue of whether there was an unlawful search and seizure in the criminal proceeding. The question remains, however, whether the state judge's determination as to the search and seizure issue was *necessary* to the judge's conclusion. This Court

---

[3]In so concluding, this satisfies the first element of the New Mexico collateral estoppel test, as well as the third element. *See* Silva, 106 N.M. at 476; Salguero, 366 F.3d at 1173.

concludes that the state judge's constitutional finding was not necessary to his determination of acquittal.

In so concluding, the Court recognizes both that Hita expressly asked the state court to decide whether there was an alleged constitutional violation and that the state court addressed that argument first and at length. Moreover, it is possible that had Judge Parker found the presence of a constitutional violation, he might have dismissed the remaining obstruction charge on that basis alone, thereby demonstrating the necessity of the constitutional finding. Yet, speculation into the state judge's reasoning or alternative outcomes fails to convince this Court that the constitutional finding was necessary, especially where Judge Parker dismissed the obstruction charge on grounds of statutory construction that did not depend on the constitutional finding.

While not binding, Judge Black's reasoning and holding in Nichols have persuasive value with respect to this very issue. Nichols, 266 F. Supp. 2d 1310. In Nichols, the plaintiff asserted a § 1983 equal protection clause claim. In an earlier administrative action, Nichols, who was terminated by his employer ("Department"), filed an appeal with the State Personnel Board. He successfully argued that the Department's termination decision was not supported by just cause, based both on the employer's failure to follow its internal progressive discipline guidelines and its dissimilar treatment of other employers who engaged in similar misconduct. The Board found that Nichols should have been suspended rather than terminated and ordered the Department to reinstate him. The Department failed to convince the state district court to reverse the Board's order. However, even though the state district court ruled in favor of the plaintiff, it appears that the state district court reversed the Board's finding that Nichols was treated differently than other Department employees. *See* id. at 1314. Based on that finding, the defendants in the federal action argued that the equal protection

12

claim was collaterally estopped.  Judge Black determined that collateral estoppel did not act as a bar on the § 1983 claim.

In rejecting the collateral estoppel argument, Judge Black found the issue in question was not necessarily decided, at least in part, because the civil rights plaintiff "prevailed in the state court action, rendering the relevant portion of the state court opinion *dicta*.  Since collateral estoppel only bars the relitigation of issues *necessarily* decided in prior litigation . . ., such language cannot be afforded preclusive effect."  Id. at 1314 (emphasis in original) (internal citation omitted).

Nichols and the case at hand bear significant similarity with respect to their procedural histories.  Like Hita, Nichols presented a § 1983 claim in the federal litigation.  Both Hita and Nichols had prevailed in the related underlying state/administrative actions.  In addition to the favorable outcomes for both plaintiffs, the underlying decision makers made findings contrary to issues impacting Hita's and Nichols' § 1983 claims.  Judge Black found in Nichols that the collateral estoppel doctrine was "clearly inapplicable" under that scenario because the findings were not necessarily decided in the previous litigation.[4]  Id.  This Court, similar to Judge Black, determines that the adverse constitutional finding by the state court judge, under these circumstances, does not bar Hita's related § 1983 claim because the constitutional determination was not necessary to the state court's decision.

Defendants have not shown, as they must at the Rule 12(c) stage, that it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

---

[4] As part of his reasoning in Nichols, Judge Black also found that the state court's opinion could be read to include inconsistent determinations on the issue of disparate treatment of other employees, thereby bolstering his opinion that the § 1983 claim was not collaterally estopped.  However, Judge Black's language to the effect that the state court's opinion "suggested" internal inconsistencies does not appear to supply the primary basis for the Court's rejection of the collateral estoppel bar.  *See* id. at 1314.

relief." In addition, Defendants have not demonstrated "with clarity and certainty" that all of the elements of collateral estoppel have been met. *See* id. at 1212-13. Therefore, Defendants' partial motion for judgment on the pleadings will be denied. Accordingly, Hita's Fourth Amendment search and seizure claim and the related municipal liability claim proceed along with his other claims. This does not preclude Defendants from raising similar and other arguments for dismissal of the Fourth Amendment claim on a motion for summary judgment.

IT IS THEREFORE ORDERED that Defendants' Rule 12(c) Motion for Judgment on the Pleadings is DENIED.

*Lorenzo F. Garcia*
Chief United States Magistrate Judge
Lorenzo F. Garcia